**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

GABRIELLE TOLEDO,

*Plaintiff,*

-against-

JAZEEL JONES, individually;
JEIMMY GARRIDO, individually;
DOES 1 through 10, in their individual capacities; and
THE CITY OF NEW YORK,

*Defendants.*

Case No. _______________

**VERIFIED COMPLAINT**

JURY TRIAL DEMANDED

Plaintiff, GABRIELLE TOLEDO, by and through her attorney, VINCE F. SYKES, ESQ., complaining of the defendants, states and alleges as follows:

## NATURE OF THE ACTION

1. This action arises from the warrantless entry into Plaintiff's home, her arrest without probable cause, the use of excessive force—including force that restricted her breathing—and her subsequent prosecution by members of the New York City Police Department ("NYPD") on June 28, 2023 in Brooklyn, New York.

2. The criminal charges were dismissed and terminated in Plaintiff's favor.

3. Plaintiff brings this action pursuant to 42 U.S.C. § 1983 for violations of her rights under the Fourth and Fourteenth Amendments.

## JURISDICTION AND VENUE

4. This action arises under 42 U.S.C. § 1983.

5. Jurisdiction is conferred by 28 U.S.C. §§ 1331 and 1343.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because the events giving rise to these claims occurred in Brooklyn, New York.

## PARTIES

7. Plaintiff GABRIELLE TOLEDO is a resident of Brooklyn, New York.

8. Defendant JAZEEL JONES was at all relevant times a Police Officer employed by the New York City Police Department, was acting under color of state law, and is sued in his individual capacity.

9. Defendant JEIMMY GARRIDO was at all relevant times a Police Officer employed by the New York City Police Department, was acting under color of state law, and is sued in his individual capacity.

10. DOES 1–10 are New York City Police Officers who participated in the events described herein, but whose identities are unknown at this time—pending discovery.

11. Defendant THE CITY OF NEW YORK operates and controls the NYPD and is responsible for its policies, customs, training, supervision, and discipline.

## FACTUAL ALLEGATIONS

### *A. The June 28, 2023 Incident*

12. On June 28, 2023, at approximately 7:55 p.m., ACS worker Ms. Davison arrived at Plaintiff's residence at 60 Carlton Avenue, Apt. 7G, in Brooklyn, accompanied by Defendants Jones, Garrido, and one or more John Doe officers.

13. Plaintiff had previously discussed a potential safety removal of her children but had not been informed that officers would enter her residence or arrest her that evening.

14. When officers began knocking, Plaintiff recognized Ms. Davison and understood that the removal was taking place.

15. Plaintiff immediately began preparing her children to leave calmly and safely.

16. Plaintiff informed the officers that she needed a few minutes to prepare the children.

17. Officers began banging loudly on the door and yelling.

18. Plaintiff briefly opened the door, showed the officers that the children were present and safe, and explained she was preparing them.

19. Plaintiff then closed the door and continued preparing the children.

20. Plaintiff did not threaten officers, physically interfere with them, conceal the children, or attempt to flee.

21. Plaintiff does not recall the precise moment officers entered the apartment because events unfolded rapidly.

22. Plaintiff recalls that officers had been banging loudly and that she was suddenly grabbed and pushed face-first into a wall.

23. One or more officers forced Plaintiff to the ground.

24. During the restraint, one or more officers applied pressure to Plaintiff's upper back and torso while she was prone, restricting her ability to breathe.

25. Plaintiff verbally expressed difficulty breathing.

26. The pressure continued for a period sufficient to restrict Plaintiff's breathing while she was restrained.

27. Plaintiff was inside her home, unarmed, and had committed no crime.

28. Officers never displayed or presented an arrest warrant or family court order authorizing her arrest.

29. Plaintiff repeatedly asked why she was being arrested.

30. An officer stated that she was being arrested because she did not open the door.

31. Plaintiff had opened the door and shown officers that the children were safe.

32. Plaintiff did not strike, attempt to strike, or cause injury to any officer.

33. Plaintiff had not been informed she was under arrest prior to the application of force and did not physically resist.

34. Officers placed Plaintiff in handcuffs that were excessively tight.

35. Plaintiff immediately experienced severe wrist pain and shoulder injury.

36. Plaintiff heard and felt a cracking sensation in her shoulder during the restraint.

37. Plaintiff was escorted from her home in handcuffs while her minor children screamed.

***B. Post-Arrest Detention***

38. Plaintiff was transported to an NYPD precinct.

39. Plaintiff requested medical attention for wrist and shoulder pain and difficulty breathing.

40. No meaningful medical treatment was provided.

41. Plaintiff was arraigned on June 29, 2023.

42. Plaintiff was remanded and detained.

43. Plaintiff remained in custody for several days.

***C. Criminal Charges and Favorable Termination***

44. Defendants caused Plaintiff to be charged with Assault in the Second Degree, Obstructing Governmental Administration, Resisting Arrest, and Harassment.

45. Plaintiff had not committed any of these offenses.

46. There was no probable cause to arrest or prosecute Plaintiff.

47. The assault charge was dismissed pursuant to CPL §170.40.

48. The remaining charges were dismissed pursuant to CPL §170.30(1)(e) on January 11, 2024. A true and correct copy of the Certificate of Disposition is attached as **Exhibit 1**.

49. The proceedings terminated in Plaintiff's favor.

50. The Civilian Complaint Review Board substantiated misconduct arising from the June 28, 2023, incident, including findings that Defendant Garrido restricted Plaintiff's breathing and that Defendants Jones and Garrido failed to provide shield numbers.

***D. Injuries***

51. Plaintiff sustained facial bruising, wrist abrasions, shoulder injury, breathing restriction, emotional distress, and loss of liberty.

52. Plaintiff's minor children witnessed the incident and were traumatized.

**FIRST CAUSE OF ACTION**
**UNLAWFUL ENTRY (Fourth Amendment)**

53. Plaintiff repeats and realleges each and every allegation contained in the previous paragraphs as if fully set forth herein.

54. The Fourth Amendment protects individuals against unreasonable searches and seizures within their homes.

55. Defendants entered Plaintiff's residence.

56. Defendants did not possess an arrest warrant authorizing Plaintiff's arrest.

57. Defendants did not display or present a judicial warrant or family court order authorizing entry for purposes of arresting Plaintiff.

58. Plaintiff did not consent to Defendants entering her home to arrest her.

59. There were no exigent circumstances requiring immediate entry to prevent harm, escape, or destruction of evidence.

60. The children were visible and being prepared for removal at the time of entry.

61. The warrantless entry into Plaintiff's home was objectively unreasonable.

62. No objectively reasonable officer could have believed the entry was lawful under the circumstances.

63. As a direct and proximate result, Plaintiff suffered damages.

**SECOND CAUSE OF ACTION**
**FALSE ARREST**

64. Plaintiff repeats and realleges each and every allegation contained in the previous paragraphs as if fully set forth herein.

65. Defendants intentionally confined Plaintiff by placing her in handcuffs, removing her from her home, transporting her to a precinct, and detaining her.

66. Plaintiff was aware of and did not consent to the confinement.

67. The confinement was not otherwise privileged because Defendants lacked probable cause to arrest Plaintiff for any offense.

68. Plaintiff did not commit Assault in the Second Degree. She did not strike, attempt to strike, or cause physical injury to any officer.

69. Plaintiff did not commit Obstructing Governmental Administration. She did not engage in physical interference, intimidation, or conduct preventing officers from performing an official function.

70. Plaintiff's temporary request for time to prepare her minor children and her act of closing the door did not constitute physical interference or obstruction.

71. Plaintiff did not commit Resisting Arrest. She was not informed she was under arrest prior to the application of force and did not physically resist a lawful arrest.

72. Plaintiff did not commit Harassment.

73. No objectively reasonable officer could have believed that probable cause existed under these circumstances.

**THIRD CAUSE OF ACTION**
**MALICIOUS PROSECUTION**

74. Plaintiff repeats and realleges each and every allegation contained in the previous paragraphs as if fully set forth herein.

75. Defendants Jones and Garrido, and/or one or more John Doe officers, initiated and continued criminal proceedings against Plaintiff by preparing, swearing to, or causing to be filed criminal accusatory instruments charging Plaintiff with:

a) Assault in the Second Degree;

b) Obstructing Governmental Administration;

c) Resisting Arrest; and

d) Harassment.

76. The charges were based on allegations that Plaintiff assaulted officers, obstructed governmental administration, and resisted arrest.

77. Plaintiff did not commit any of these offenses.

78. There was no probable cause to believe Plaintiff committed Assault in the Second Degree because she did not strike or cause physical injury to any officer.

79. There was no probable cause to believe Plaintiff committed Obstructing Governmental Administration because she did not engage in physical interference or intimidation.

80. There was no probable cause to believe Plaintiff committed Resisting Arrest because she did not physically resist a lawful arrest and was not informed she was under arrest prior to the use of force.

81. The assault charge was dismissed pursuant to CPL §170.40.

82. The remaining charges were dismissed pursuant to CPL §170.30(1)(e) on January 11, 2024.

83. The criminal proceedings terminated in Plaintiff's favor.

84. As a result of the prosecution, Plaintiff was arraigned on June 29, 2023, remanded into custody, and subjected to post-arraignment liberty restraints, including detention and required court appearances.

85. Defendants acted with malice in initiating and continuing the prosecution without probable cause and in reckless disregard of Plaintiff's constitutional rights.

86. No objectively reasonable officer could have believed that probable cause existed to prosecute Plaintiff under the circumstances described herein.

87. As a direct and proximate result of the malicious prosecution, Plaintiff suffered loss of liberty, emotional distress, reputational harm, and other damages.

**FOURTH CAUSE OF ACTION**
**EXCESSIVE FORCE**

88. Plaintiff repeats and realleges each and every allegation contained in the previous paragraphs as if fully set forth herein.

89. Plaintiff was seized within the meaning of the Fourth Amendment when Defendants forcibly restrained and handcuffed her.

90. During the seizure, Defendants used physical force against Plaintiff.

91. Defendants pushed Plaintiff face-first into a wall, violently tackled her to the ground, applied body weight to her back and torso in a manner that restricted her breathing, and applied handcuffs excessively tight.

92. At the time force was used, Plaintiff was inside her home, unarmed, and had committed no crime.

93. Plaintiff did not pose an immediate threat to the safety of officers or others.

94. Plaintiff did not actively resist arrest prior to the initial application of force.

95. The degree of force used was disproportionate to any legitimate law enforcement need.

96. The force caused Plaintiff to experience restricted breathing, wrist abrasions, shoulder injury, and physical pain.

97. The use of force was objectively unreasonable under clearly established law.

98. No objectively reasonable officer could have believed that the level of force used against a non-threatening, non-resisting individual inside her home was lawful.

99. As a direct and proximate result, Plaintiff suffered damages.

**FIFTH CAUSE OF ACTION**
**FAILURE TO INTERVENE**

100. Plaintiff repeats and realleges each and every allegation contained in the previous paragraphs as if fully set forth herein.

101. As described above, Defendants unlawfully entered Plaintiff's home, arrested her without probable cause, and used excessive force against her.

102. Defendant Jones, Defendant Garrido, and one or more John Doe officers were present during the entry, arrest, and application of force.

103. The use of force occurred in multiple stages, including pushing Plaintiff into a wall, forcing her to the ground, applying body weight that restricted her breathing, and tightly handcuffing her.

104. The restraint and application of force lasted long enough for officers present to observe the conduct and recognize that Plaintiff was not resisting and posed no threat.

105. Plaintiff verbally expressed difficulty breathing during the restraint.

106. Each Defendant officer had a realistic opportunity to intervene to prevent or stop the unlawful entry, arrest, and use of excessive force.

107. The unlawful conduct was not instantaneous but occurred over a period of time sufficient to allow officers present to observe and prevent the violations.

108. No Defendant officer took reasonable steps to intervene or mitigate the constitutional violations.

109. The failure to intervene was objectively unreasonable and violated Plaintiff's constitutional rights.

110. As a direct and proximate result of the failure to intervene, Plaintiff suffered damages.

## SIXTH CAUSE OF ACTION
## MONELL LIABILITY

111. Plaintiff repeats and realleges each and every allegation contained in the previous paragraphs as if fully set forth herein.

112. The constitutional violations described herein were caused by policies, customs, and practices of the City of New York.

113. Upon information and belief, NYPD officers regularly participate in joint operations with the Administration for Children's Services involving court-authorized child removals inside private residences.

114. These operations predictably require officers to apply clearly established constitutional standards governing:

a) Warrantless entry into a home;

b) The limits of authority when no arrest warrant is present;

c) The statutory elements of Obstructing Governmental Administration and Resisting Arrest;

d) The appropriate and proportionate use of force against non-threatening individuals;

e) The known risks associated with positional restraint and breathing restriction.

115. Despite the recurring nature of these operations, the City has failed to adequately train, supervise, and discipline officers regarding these constitutional limitations.

116. Upon information and belief, the City has been aware, through civilian complaints, CCRB investigations, litigation, and internal review, including substantiated findings in this case, that officers engaged in joint ACS operations have unlawfully escalated encounters and misapplied probable cause standards.

117. In this case, the Civilian Complaint Review Board substantiated that Defendant Garrido restricted Plaintiff's breathing and that Defendants failed to provide shield numbers.

118. The NYPD imposed only Formalized Training discipline following these substantiated findings.

119. The imposition of minimal discipline following substantiated misconduct reflects ratification of unconstitutional conduct and communicates to officers that similar violations will not result in meaningful consequences.

120. The City's failure to implement corrective policy changes or meaningful disciplinary measures demonstrates deliberate indifference to the constitutional rights of individuals subjected to similar operations.

121. The City's policies, customs, practices, and deliberate indifference were a moving force behind the warrantless entry, unlawful arrest, excessive force, and malicious prosecution of Plaintiff.

**DAMAGES**

122. As a direct and proximate result of Defendants' conduct, Plaintiff suffered physical injury, pain and suffering, emotional distress, loss of liberty, reputational harm, and other consequential damages.

123. Plaintiff seeks compensatory damages in an amount to be determined at trial, punitive damages against the individual defendants, reasonable attorney's fees and costs pursuant to 42 U.S.C. § 1988, and such other and further relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiff demands a trial by jury.

Dated: Pomona, NY
February 24, 2026

Respectfully submitted,

Vince F. Sykes, Esq.,
New York Bar No. 4974275
Attorney for Plaintiff
8 Carbery Court
Pomona, NY 10970
Tel: (845) 406-1386
vsykes@sykeslawfirm.com

**VERIFICATION**
(28 U.S.C. § 1746)

I, Gabrielle Toledo, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that:

1. I am the Plaintiff in the above-captioned action.
2. I have read the foregoing Complaint and know the contents thereof.
3. The facts stated in the Complaint are true and correct to the best of my knowledge, information, and belief.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 24 day of February, 2026.

[signature]
Gabrielle Toledo